FILED
APR 15 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE NOHR, | * | CIV 09-4040-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER DENYING |
| | * | MOTION FOR STAY OF |
| ROBERT A. CALLAHAN, M.D., | * | PROCEEDINGS |
| | * | |
| Defendant. | * | |

## I. INTRODUCTION

Defendant, Dr. Robert A. Callahan, moved for an order staying trial (Doc. 30) in this case until the United States Court of Appeals for the Eighth Circuit has entered a final decision in the appeal of the case of Bair v. Callahan, 4:09-cv-04009-RAL. Plaintiff Jacqueline Nohr opposed the motion. Dr. Callahan's motion is denied for the reasons explained below.

## II. FACTS

This is one of six separate medical malpractice lawsuits filed in this district against Dr. Callahan for allegedly misplacing pedicle screws and failing to remove pedicle screws following spinal surgeries. Dr. Callahan has been represented by the same attorneys in all six cases, and Ms. Nohr is represented by the same law firm that represented the plaintiffs in the five other cases against Dr. Callahan. See Haar v. Callahan, 4:08-cv-04123-LLP; Uhing v. Callahan, 4:08-cv-4200-KES; Bair v. Callahan, 4:09-cv-04009-RAL; Meng v. Callahan, 4:09-cv-04035-RAL; Smith v. Callahan, 4:09-cv-04159-RAL. Consequently, the plaintiffs and their counsel, and in turn their experts, received access to the medical records of the other plaintiffs.

One of the recurring issues in the cases that advanced toward trial was whether the Court should allow into evidence at trial Dr. Callahan's care and treatment of patients other

than the plaintiff in a given action. Dr. Callahan has maintained that evidence of his care and treatment of any patients other than the plaintiff in a particular lawsuit, irrespective of the outcome of such care and treatment, is inadmissible. Ms. Nohr's attorneys, while representing plaintiffs in the other cases, have argued that Dr. Callahan's care and treatment of other patients is admissible under Rule 404(b) of the Federal Rules of Evidence.

During the Bair trial, this Court found most of this evidence to be inadmissible, and limited inquiry into Dr. Callahan's care and treatment of other patients. The jury in Bair determined that Dr. Callahan was not liable for medical malpractice. Plaintiffs[1] subsequently filed a Motion for a New Trial, which was based in part on the aforementioned evidentiary ruling. This Court denied that motion. Bair v. Callahan, 4:09-cv-04009-RAL (Doc. 100), 2011 U.S. Dist. LEXIS 20087 (D.S.D. Feb. 25, 2011). On February 28, 2011, Plaintiffs in the Bair case filed a Notice of Appeal (Doc. 31-1), along with an "Appellant's Form A" indicating that one of the issues for appeal is the exclusion of evidence regarding Dr. Callahan's care and treatment of patients other than Robin Bair.

Dr. Callahan then requested a stay of proceedings and trial on Ms. Nohr's action until the Eighth Circuit has decided the Bair case. In his motion papers, Dr. Callahan noted that he would not object to a stay containing a narrow exception to allow for trial depositions or discovery needed to preserve testimony and evidence for use at trial, and that a stay would not affect Ms. Nohr's entitlement to prejudgment interest if she prevailed at trial.

## III. DISCUSSION

"[A] district court ha[s] the inherent power to grant [a] stay in order to control its

---

[1] The Plaintiffs in Bair were Robin Bair (a former patient of Dr. Callahan) and his wife, Francis Zephier. Ms. Zephier brought a claim for loss of consortium.

docket, conserve judicial resources, and provide for a just determination of the cases pending before it." Contracting Nw., Inc. v. Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983) (citing Am. Home Assurance Co. v. Vecco Concrete Constr. Co., 629 F.2d 961, 964 (4th Cir. 1980)). The party moving for a stay has the burden, if there is "even a fair possibility" that the stay will prejudice the non-movant, of showing specific hardship or inequity if he or she is required to go forward. See Landis v. N. Am. Co., 299 U.S. 248, 255-56 (1936); see also Giebink v. Giebink, No. 08-4184, 2009 WL 917438, at *2 (D.S.D. 2009). In evaluating whether to stay an action, the district court "must exercise its discretion and weigh the competing interests." Giebink, 2009 WL 917438, at *2 (citing Landis, 299 U.S. at 255-56). The interests of justice do not require a stay of an action pending appeal in a related case. See Yankton Sioux Tribe v. U.S. Army Corps of Eng'rs, No. 02-4126, 2008 WL 895830, at *3 (D.S.D. 2008). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255.

Dr. Callahan has failed to satisfy his burden on the motion for a stay. It is significant that Ms. Nohr, whose counsel represents the *appellant* before the Eighth Circuit, opposed the motion for a stay. More than a fair possibility exists that a stay would prejudice Ms. Nohr. Ms. Nohr's claim already has been pending for more than two years and the alleged malpractice occurred nearly four years ago (See Doc. 1, at 2). Ms. Nohr alleged that during the pendency of this action she has incurred substantial medical bills and suffered pain that could be redressed if she prevails at trial. Although Dr. Callahan noted that the median time from filing a notice of appeal to disposition by the Eighth Circuit is only ten months, the time for disposition of a particular case is unknown and unpredictable. Moreover, the party receiving an unfavorable

ruling by the Eighth Circuit might choose to seek rehearing en banc and review by the United States Supreme Court. In other words, a considerable amount of time still might elapse before appeal of Bair concludes.

Dr. Callahan expressed the concern that, without a stay, a possibility exists that the parties in this case would have to endure multiple trials and appeals, thereby creating additional and unnecessary work and fees by the parties and an unnecessary use of judicial and administrative resources. However, such possibilities inhere within litigation. Based on the issues presented before the Eighth Circuit, resolution of the Bair appeal would not resolve the central issue of Ms. Nohr's claim, but rather might affect the scope of admissible evidence. If the evidence of Dr. Callahan's other care and treatment is deemed admissible on appeal, its use in this litigation would "not require lengthy additional discovery, trial preparation, or delay." See Se-Kure Controls, Inc. v. Sennco Solutions, Inc., 675 F. Supp. 2d 877, 881 (N.D. Ill. 2009) (denying stay with respect to patent infringement claims and noting that proceeding with claims posed minimal burden to the parties). Although disposition of the Bair appeal might reduce the probability of an appeal of evidentiary rulings or retrial of this case, Ms. Nohr is entitled to her long-awaited day in court and this case does not present one of those "rare circumstances" where a litigant in one case should be "compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." See Landis, 299 U.S. at 255.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Stay of Proceedings (Doc. 30) is denied.

Dated April 15, 2010.

                BY THE COURT:

                _____
                ROBERTO A. LANGE
                UNITED STATES DISTRICT JUDGE